UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 4:19-cr-00043-YGR-8   (KAW) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO REMAND DEFENDANT KENNEDY-PALMER; REPORT AND RECOMMENDATION TO DENY MOTION TO FORFEIT BOND** |
| v. | |
| DEANTAE KENNEDY-PALMER, | |
| Defendant. | Re: Dkt. No. 162 |

On October 18, 2019, the Government filed a motion to forfeit bond and remand Defendant Deantae Kennedy-Palmer to custody. (Mot., Dkt. No. 162 at 1.) The pending motion was referred to the undersigned on November 18, 2019. (Dkt. No. 188.)

On November 27, 2019, the Court held a hearing and took the motion under submission. Upon review of the moving papers, and considering the arguments made at the hearing, and for the reasons stated on the record, the Court DENIES the motion to remand Defendant Deantae Kennedy-Palmer to the custody of the U.S. Marshal, and, therefore, RECOMMENDS that the district court deny the motion to forfeit Mr. Kennedy-Palmer's bond.

### I.     REMAND IS NOT APPROPRIATE

On January 22, 2019, Mr. Kennedy-Palmer was released on a $25,000 bond, which his mother and girlfriend co-signed as sureties. (Dkt. No. 9.) Some of the conditions of his release were that he not possess any firearms, that he have no contact with any co-defendants outside of the presence of counsel, and that he make all court appearances in the related Alameda County case as directed. *Id.*

The Government contends that, on August 27, 2019, Mr. Kennedy-Palmer participated in a music video production, in which he possessed a pistol with an extended magazine. (Mot. at 11-

12.) The Government concedes that Mr. Kennedy-Palmer was masked, rendering his face not visible, but argues that he can be identified based on his voice and distinctive jewelry. *Id.* at 12. Specifically, the ATF agent that arrested Mr. Kennedy-Palmer on January 10, 2019, and spoke to him at the time of arrest, recognized his voice. (*Id.*; Decl. of Whitney Hameth, "Hameth Decl.," Dkt. No. 162-1 ¶ 17.) Furthermore, in other images allegedly taken that night, Mr. Kennedy-Palmer's face is visible and he is wearing the same jewelry. (Mot. at 12; Hameth Decl. ¶ 18, Ex. 26.)

When the Government moves to remand a defendant on that basis, the Government bears the burden "by clear and convincing evidence" that the defendant violated a condition of pretrial release. 18 U.S.C. § 3148. "Clear and convincing evidence requires that the existence of a disputed fact be highly probable. *Colorado v. New Mexico,* 467 U.S. 310, 316 (1984). To satisfy its burden by clear and convincing evidence, "the Government must present sufficient evidence to produce in the Court, as the ultimate factfinder [], an 'abiding conviction' that the truth of the Government's factual contentions is 'highly probable.'" *United States v. Harder*, 116 F. Supp. 3d 1197, 1207 (D. Or. 2015).

Here, the Government contends that Mr. Kennedy-Palmer violated the condition of his release that prohibits the possession of firearms. (Mot. at 14.) In opposition, Defendant contends that the Government has not shown by clear and convincing evidence that he is the masked person in the video holding a firearm, and that the object is an actual firearm, rather than a replica, which he argues is impossible to determine due to poor lighting. (Opp'n, Dkt. No. 176 at 7.) Moreover, the video itself is not authenticated in any way, and it is not clear that the video and accompanying photos were taken on August 27, 2019. (*See* Opp'n at 4-5, 9.) Rather, the Government can only show that the posting date was August 28, 2019. *Id.* at 9.

The Court agrees. While there may be probable cause to believe that Mr. Kennedy-Palmer is the masked individual based on his distinctive jewelry, this falls short of the clear and convincing evidence necessary to remand him to custody. Furthermore, the Court does not believe that an ATF agent who last heard Defendant's voice more than 7 months prior could credibly testify that it was the same person.

Second, there is no evidence that the video was filmed on August 27, 2019, because there is no date stamp on the video itself.  The posting date does not definitively establish the date of creation.  In fact, social media users frequently post videos and pictures on the approximate anniversaries of when they were originally created or taken, so it is not evident that, even if Mr. Kennedy-Palmer was the masked individual, that the video was filmed while he was on pretrial release.  The Government speculates that the video was made on August 27, 2019 based on a videoclip posted to Instagram with a "sticker" listing "AUG 27, 2019" in large letters. (Hameth Decl. ¶ 16, Ex. 23.)  Upon review of the video, however, it is unclear that the individual the Government believes is Kennedy-Palmer is even in the video. *See id.* The Court also notes that users can affix a digital sticker or "date stamp" to an old video and post it to Instagram or Instagram stories.

Third, the Government has not carried its burden that the object is an actual firearm, rather than a replica.  ATF Special Agent Christopher Bailey submitted an expert declaration in support of the Government's motion. While Special Agent Bailey identified four factors that led him to believe that the firearms were real, he conceded that he "would need to examine the firearms displayed in those videos to confirm that they are real firearms and not replicas…." (Decl. of Christopher Bailey, Dkt. No. 185-1 ¶¶ 4-7.)  Similarly, Defendant's expert, Ziyad Showket, filed a declaration stating that it was his expert opinion that the object was a Glock, "but [that] it is impossible to determine based on the videos and still images if the object was a real or replica firearm." (Decl. of Ziyad Showket, Dkt. No. 176-2 at 3.)  Thus, the Court finds that neither expert could conclude that the firearm at issue was not a replica.

Since his release in January, Mr. Kennedy-Palmer has generally complied with the conditions of his pretrial release. He has actively sought multiple employment opportunities, including working as an in-home health care worker.  He also participated in job training through Outsource, where he completed Cable Installer training and a 10-hour OSHA Construction Industry Course, has registered with the International Brotherhood of Electrical Workers, Local 6, for work, and has been employed by Braun Electric Company since November 2019. (Decl. of Scott A. Sugarman, Dkt. No. 176-1 ¶¶ 4-5, Exs. D & E.)  He has also been taking care of his son,

and has made all appearances in the related, criminal matter in Alameda County. (Opp'n at 13-14.) Notably, the evidence in the record demonstrates that Mr. Kennedy-Palmer has blocked his co-defendants from social media. Indeed, the co-defendants complained to each other about Mr. Kennedy-Palmer's "weird" behavior towards them. (*See* Hameth Decl. ¶ 14, Ex. 16 at 2-3; Opp'n at 3.) This suggests that Mr. Kennedy-Palmer has been following this Court's directives and complying with the terms of his release in a meaningful way.

In light of the foregoing, the Court finds that the Government has failed to meet its burden of showing, by clear and convincing evidence, that Mr. Kennedy-Palmer possessed a firearm in violation of the conditions of his pretrial release. According, the Government's motion to remand is DENIED.

## II.   RECOMMENDATION AGAINST FORFEITURE

Federal Rule of Criminal Procedure 46 provides that, "[i]f there is a breach of a condition of bond, the district court shall declare a forfeiture of the bail." *See United States v. Abernathy*, 757 F.2d 1012, 1015 (9th Cir. 1985); *United States v. Nguyen*, 279 F.3d 1112, 1115 (9th Cir. 2002). Here, the undersigned has denied the motion to remand on the grounds that the Government has failed to show, by clear and convincing evidence, that a condition was violated. Accordingly, the undersigned RECOMMENDS that the district court deny the Government's motion for forfeiture of Mr. Kennedy-Palmer's $25,000 bond.

IT IS SO ORDERED.

Dated: January 17, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4